Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff David Robinson

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Robinson, <br><br> Plaintiff, <br> v. <br><br> Big 5 Sporting Goods Corporation and Pauline F. Kouvalas-Prew, Trustee of the Pauline F. Kouvalas-Prew Revocable Living Trust, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

David Robinson ("Plaintiff") alleges the following:

## **INTRODUCTION**

1. Plaintiff brings this action against Big 5 Sporting Goods Corporation and Pauline F. Kouvalas-Prew, Trustee of the Pauline F. Kouvalas-Prew Revocable Living Trust ("Defendants"), for unlawfully discriminating against Plaintiff because of Plaintiff's disability at the Big 5 Sporting Goods ("Big 5") located at 3485 Sonoma Boulevard in Vallejo, California ("Property").

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California law.

## **PARTIES**

3. Plaintiff is a natural person and an adult resident of the San Francisco Bay Area. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4. Defendant Big 5 Sporting Goods Corporation Delaware Corporation ("Big 5 Corp")

with its principal place of business El Segundo, California. At all relevant times to this Complaint, Big 5 Corp did business in the State of California.

5. Defendant Pauline F. Kouvalas-Prew, Trustee of the Pauline F. Kouvalas-Prew Revocable Living Trust is an adult resident of Santa Clara County, California, who owned, managed, operated, and/or was otherwise responsible for the Property where the Big 5 is located.

## JURISDICTION

6. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

7. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

8. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property and the Big 5 are located inside this district and Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

9. Plaintiff suffers from disabilities, and/or medical conditions that are disabilities.

10. Plaintiff is a paraplegic due to a tragic motorcycle accident.

11. Plaintiff requires a wheelchair to facilitate his mobility because of a spinal cord injury.

12. Plaintiff's symptoms substantially limit his major life activities.

13. Plaintiff has at all relevant times, displayed a valid disabled person parking placard issued by the California Department of Motor Vehicles.

14. Plaintiff's lives in the San Francisco Bay Area, not far from the Property.

15. On June 29, 2024, Plaintiff personally visited Big 5 to do some shopping.

16. Plaintiff was in the area because he lives nearby.

17. Upon arriving at Big 5, Plaintiff found that Defendants, despite offering parking to non-disabled customers, do not offer any accessible parking whatsoever. The purportedly accessible parking space at the Big 5 is faded and not well-maintained. Signage for the purportedly accessible parking space is covered in graffiti.

18. Furthermore, Plaintiff believes that the path of travel from the parking lot to the main entrance at Big 5 is not accessible due to uneven pavement and cracks in the pavement.

19. Plaintiff would like to return to the Property and the Big 5 in the future as it is a convenient location for Plaintiff to purchase exercise bands that he uses to help with physical therapy, just minutes from his home.

20. The Big 5 and Property are public accommodations and business establishments.

21. The Big 5 and Property are open to the public and their operation affects commerce.

22. Big 5 and the Property has undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

23. Big 5 and the Property are alleged to have applied for a permit or have started physical new construction and/or alterations, structural repairs, and/or additions after March 15, 2012.

24. Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer negative feelings.

25. The accessibility violations identified above resulted in the exclusion of Plaintiff from the business, thereby denying Plaintiff the full and equal enjoyment of Big 5's offerings, which is both discriminatory and unlawful under federal and state disability rights laws.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

Against all Defendants

26. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

27. Defendants have denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of the Big 5 and the Property.

28. The Big 5 is a public accommodation.

29. The Property is a public accommodation.

Failure to Remove Architectural Barriers at an Existing Property

30. Defendants failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

31. For those barriers where it is not reasonably achievable to remove them, if any, Defendants failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

<u>Failure to Design and Construct an Accessible Property</u>

32. The improvements at the Property are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

33. Defendants violated the ADA by failing to design and construct the facilities at the Property in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

<u>Failure to Make an Altered Facility Accessible</u>

34. Plaintiff alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

35. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

36. Defendants altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

37. The configuration and condition of the Property denied Plaintiff a public accommodation due to Plaintiff's disability.

38. It is readily achievable for Defendants to remove the architectural barriers.

<u>Failure to Maintain Accessible Features</u>

39. Defendants violated the ADA by failing to maintain in operable and working condition those features of the Big 5 and Property that are required to be readily accessible to and be usable by persons with disabilities.

40. Defendants' failure in maintaining the Big 5 and Property in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

41. Defendants' configuration and condition of the Big 5 and Property denied Plaintiff a public accommodation due to Plaintiff's disability.

42. It is readily achievable for Defendants to remove the barriers.

43. Defendants do not have any legitimate business justification to excuse the condition and configuration of the Big 5 and Property.

44. Defendants' violations are the cause of suffering for Plaintiff.

45. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

Against all Defendants

46. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

47. The Big 5 and the Property are business establishments.

48. As described above, Defendants intentionally discriminated against Plaintiff during Plaintiff's visits and attempted visits to the Big 5 at the Property.

49. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

50. Defendants violated the ADA during Plaintiff's visit to Big 5 and the Property.

51. Defendants' acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

52. Plaintiff was harmed.

53. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

54. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

55. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendants to cease their discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: August 29, 2024                             Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff